The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: Is the appointment of a chief of police by the city council valid if, after the appointment, the appointees uncle by marriage, is elected to the city council? Title 11 O.S. 8-106 [11-8-106] (1978) provides: "It shall be unlawful for any elected or appointed official or other authority of the municipal government to appoint or elect any person related to any governing body member, or to himself, or in the case of a plural authority to any one of its members, by affinity or consanguinity within the third degree, or to any office or position of profit in the municipal government. This provision shall not prohibit an officer or employee already in the services of the municipality from continuing and being promoted therein. Except as otherwise provided by law or ordinance, the same person may hold more than one office or position in a municipal government as the governing body may ordain." (Emphasis added). It is clear from a reading of 11 O.S. 8-106 [11-8-106] that an appointment of any relative within the third degree of affinity or consanguinity violates the specific statutory authority except in the case of an officer or employee already in the service of the municipality. If the employment occurred prior to the election of the relative to the city council, continued employment is not violative of 11 O.S. 8-106 [11-8-106]. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The continued employment of an officer or employee is not prohibited by 11 O.S. 8-106 [11-8-106] (1978) where a person related to such officer or employee within the third degree of affinity or consanguinity is elected to the governing board of the municipality. (MICHAEL JACKSON) (ksg)